**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KORELL ELLIS,

*Defendant-Appellant.*

No. 02-4271

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-93)

Submitted: December 6, 2002

Decided: December 27, 2002

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Kimberly A. Moore, Assistant United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Korell Ellis appeals his conviction and 295-month sentence following his guilty plea to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and carrying or possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000).

Ellis claims the Assistant United States Attorney failed to inform his defense counsel regarding the drug quantity attributable to him as relevant conduct during plea negotiations. Ellis further contends that this constituted a breach of the plea agreement. Ellis also claims he relied on the predictions of counsel regarding his likely sentence and that these predictions were based on his counsel's discussions with the prosecutor. At his Rule 11 hearing, however, Ellis affirmed that no one had promised him what his sentence would be. Moreover, Ellis concedes his plea agreement does not contain any language regarding his guidelines range or promises from the Government as to his guidelines range.

During the plea hearing, Ellis was informed of the process by which the relevant conduct determination would be made and the maximum sentence he faced. Ellis told the court that he had not been promised a specific sentence and that no one made any prediction as to what his sentence might be. The court informed Ellis that it would make an independent determination regarding relevant conduct and that a presentence report would be prepared by the probation office.

Furthermore, there is no evidence of prosecutorial misconduct. The prosecutor advised the district court that defense counsel was informed that other individuals had been interviewed and "put weight on the defendant." Ellis cites no evidence in the record that these statements were incorrect or that the Government misled defense counsel during plea negotiations.

Accordingly, we affirm Ellis' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*